UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALBERT FORD, ET AL., ) | |
|     Plaintiffs, ) | |
| ) | |
| v. ) | C.A. No. 09-11919-MLW |
| ) | |
| HAROLD W. CLARKE, ET AL., ) | |
|     Defendants. ) | |

MEMORANDUM AND ORDER

WOLF, D.J.                                                  March 28, 2012

    The plaintiffs Albert Ford and Jorge Jimenez commenced the instant action on November 3, 2009, alleging deliberate indifference to their respective medical conditions. The plaintiffs' motions for leave to proceed in forma pauperis were allowed. The fee was then apportioned equally between the plaintiffs, and each was assessed an initial partial filing fee pursuant to 28 U.S.C. §1915(b)(1), with the remainder of the fee to be assessed and collected through monthly payments from the plaintiffs' prisoner accounts pursuant to 28 U.S.C. §1915(b)(2). See February 3, 2010 Memorandum and Order (Docket No. 6). The court also allowed the plaintiffs' motion for appointment of pro bono counsel. Id.

    On March 3, 2011, the court ordered that the action would be dismissed in 21 days unless the plaintiffs filed proof of service or demonstrated good cause why service had not been made. See March 3, 2011 Order (Docket No. 18). On March 7, 2011, the

1

plaintiffs, represented by counsel, voluntarily dismissed their claims. The case was terminated on March 15, 2011.

On May 2, 2011, in light of the voluntary dismissal of the action, Ford filed a pro se motion to waive the portion of the filing fee that had not yet been paid. Ford also requested a hearing or an immediate decision on that motion. For the reasons described below, the court does not have the authority to allow Ford's request. It is, therefore, being denied.

Pursuant to the 1996 Prison Litigation Reform Act (the "PLRA"), Congress left courts little discretion in assessing filing fees for civil actions brought by prisoners. See Pub. L. 104-134, §804. Even when a court finds that a prisoner is unable to pay a filing fee and permits the prisoner to commence a suit without prepayment of the fee, "the prisoner shall be required to pay the full amount of a filing fee." See 28 U.S.C. §1915(b)(1). The statute further provides that, where funds exist, the court shall assess and collect an initial partial filing fee. Id. The remainder of the filing fee shall subsequently be collected in "monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. §1915(b)(2).

The dismissal of the civil action, even if voluntary, does not provide a basis for the waiver of a filing fee. See Hatchet v. Nettles, 201 F.3d 651, 654 (5th Cir. 2000) ("No relief from an order directing payment of the filing fee should be granted for a

2

voluntary dismissal."); see also In re Prison Litig. Reform Act, 105 F.3d 1131, 1133-34 (6th Cir. 1997) ("Even a voluntary dismissal of a complaint or an appeal does not eliminate a prisoner's obligation to pay the required filing fees. Section 1915(b)(1) compels the payment of the respective fees at the moment the complaint or notice of appeal is filed. Any subsequent dismissal of the case, even if voluntary, does not negate this financial responsibility."). Indeed, permitting a waiver of filing fees upon a voluntary dismissal would be inconsistent not only with the text of the PLRA, but also with its purpose to deter frivolous litigation. See Crawford-El v. Britton, 523 U.S. 574, 596 (1998).

It is, therefore, hereby ORDERED that:

1. The plaintiff's Motion to Waive the Rest of the Filing Fees (Docket No. 20) is DENIED.

2. The plaintiff's Motion for Hearing on Plaintiff's Motion to Waive the Filing Fee (Docket No. 21) is MOOT.

      /s/ Mark L. Wolf
    UNITED STATES DISTRICT JUDGE